THE ROGERS SILVER PLATE COMPANY *vs.* ERWIN M. JEN-
NINGS ET AL.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The defendants having failed to keep their agreement to purchase within
    a specified time $50,000 worth of goods manufactured by the plaintiff,
    the parties met to examine and adjust their accounts. At this inter-
    view the defendants presented an account which was not acceptable to
    the plaintiff and, in the absence of the latter's books, a contract was
    signed whereby the plaintiff, in consideration of $2,400 in cash then
    paid to it by the defendants, and the latter's promise to settle any
    errors that might thereafter be found to exist in two classes of items,
    released the defendants from all liability incurred by them under the
    former contract, and acknowledged the "receipt of all claims and
    demands to date" except those above referred to. *Held* that in view
    of this release the plaintiff could not recover damages for a violation
    of the earlier agreement, but was entitled to a judgment for the aggre-
    gate amount of the errors found by the trial court to exist in the two
    classes of items specified in and excepted from such release. (*One
    judge dissenting.*)
The trial court erroneously included in the judgment damages for the de-
    fendants' breach of the contract to purchase. *Held* that the judgment,
    being for one entire sum, was not divisible or severable, and must
    therefore be set aside *in toto*; but that such reversal did not open up
    the cause beyond the exigencies of the case.

[Argued January 21st—decided March 26th, 1896.]

ACTION to recover damages for breach of contract, also
for goods sold and delivered; brought to the Superior Court
in Fairfield County and referred by consent of the parties to
the *Hon. John D. Park, State Referee,* to hear and report the
facts; the court, *Robinson, J.,* accepted the report of the
State Referee and rendered judgment in favor of the plain-
tiff for $5,210.90 and costs, and the defendants appealed for
alleged errors in the rulings of the court. *Error, judgment
set aside and cause remanded.*

The case is sufficiently stated in the opinion.

*Daniel Davenport,* for the appellants (defendants).
By virtue of the receipt given by the plaintiff to the de-

fendants on January 19th, 1892, the plaintiff surrendered to the defendants every claim arising under the contract of June 18th, 1891; except the right to be paid for merchandise previously shipped, which might have been erroneously omitted in the statement of defendants, and for the difference in correction of prices claimed by the defendants. This paper upon its face contains conclusive evidence that this surrender was founded upon a valuable and sufficient consideration. There is not a word in it to the effect that the defendants were settling a liquidated debt by the payment of a less sum than was due. The facts, instead of establishing that the release was not founded on a sufficient consideration, show precisely the opposite. The plaintiff disposed of its goods and its uncertain claim for damages, and took in return $2,402.75; and the promise of the defendants to settle, when adjusted, (which might have been the next day) for possible errors in account not due until a future date. According to all the authorities this was receiving a sufficient legal consideration. Immediate payment of part of the debt due in the future, is a sufficient consideration to support a release of the balance. The court also erred in allowing the plaintiff $3,313.18 with interest thereon, as damages for the failure of the defendants to take the full amount of the goods required by the contract of June 18th, 1891. The finding did not show that the plaintiff had lost any profit, but only what its usual profits were in such cases. This formed too uncertain a basis for a recovery of profits. *Allen* v. *Jarvis*, 20 Conn., 49; *Ferris* v. *Comstock*, 33 id., 515; 2 Benj. on Sales (4th Amer. Ed.), § 977.

*John W. Alling* and *James E. Walsh*, for the appellee. (plaintiff).

The instrument of January 19th, 1892, was not a release but merely *a contract to release;* and is no longer binding, because (1) the consideration has failed; (2) the defendants have been guilty of a breach of said contract; and (3) because the consideration for said contract to release was a condition precedent to the release of the defendants, and that

condition has never been performed.    *Cook* v. *Mix*, 11 Conn., 432; Clark on Contracts, 184, 204–208; *Warren* v. *Skinner*, 20 Conn., 558; *Foakes* v. *Beer*, 9 App. Cases, 605.    The agreement on the part of the defendants certainly required that they at least make an honest effort to adjust the errors and differences.    The finding shows clearly that they not only refused to do this, but also that they absolutely refused to make the least offer of performance and totally disregarded their agreement to "settle when adjusted the difference and errors."    This breach was such that the plaintiff is discharged from performing its agreement to release the defendants. 3 Amer.& Eng. Ency. of Law, 915–924; *Ellen* v. *Topp*, 6 Ex., 424; 2 Smith Leading Cases, 25; *Love* v. *Van Every*, 91 Mo., 575; *Ala. Gold Life Ins. Co.* v. *Garmany*, 74 Ga., 51; *Poussard* v. *Spiers*, L. R. 1 Q. B. D., 410; *Spaulding* v. *Rosa*, 71 N. Y., 40; *Leonard* v. *Dyer*, 26 Conn., 172.    The defendants must first fully perform their part of the agreement before they can call upon the plaintiff to perform.    The rule of damages in an action for the non-acceptance of property sold and contracted for, is the amount of the actual injury sustained by the plaintiff in consequence of such nonacceptance, including gains prevented as well as losses sustained.    *Allen* v. *Jarvis*, 20 Conn., 48; *Hunt* v. *Oregon Pac. R. R. Co.*, 13 Sawy., 516; *Masterson* v. *Brooklyn*, 7 Hill, 61; *Taylor* v. *Bradley*, 39 N. Y., 129; *Danolds* v. *State*, 89 N. Y., 36; *Cameron* v. *White*, 74 Wis., 425; *Taylor Mfg. Co.* v. *Hatcher*, 39 Fed. Rep., 440; *Lynch* v. *Sellers*, 41 La. Ann., 375; *Cresent Mfg. Co.* v. *N. O. Nelson Mfg. Co.*, 100 Mo., 325.

TORRANCE, J.   This is an action to recover money claimed to be due as the balance of an account, and also damages for the breach of a written contract; and the complaint contains the common counts, and a special count setting up the contract.

The case was tried before one of the State referees, who reported the facts found to the Superior Court.    The defendants remonstrated against the acceptance of the report; the

plaintiff demurred to the remonstrance; the court sustained
the demurrer, accepted the report, rendered judgment for the
plaintiff, and from that judgment the defendants took the
present appeal.

The questions upon this appeal relate mainly to the effect
given by the court below to certain facts found by the referee;
and the substance of so much of his report as bears upon those
questions may be stated as follows:—

By the terms of the written contract made between the
plaintiff and defendants, dated June 18th, 1891, and set up
in the complaint, the plaintiff appointed the defendants as
its sole agent for the sale of all goods manufactured by it,
for the period of six months beginning July 1st, 1891; and
in consideration thereof the defendants agreed to purchase
of it, in the manner prescribed by the contract, goods which
it manufactured or dealt in, "to the net amount of fifty thou-
sand dollars ($50,000) or more, at prices designated by said
Rogers Silver Plate Company, f. o. b. Danbury, Conn.;" the
plaintiff was to make "fair and equitable prices, and fill all
orders promptly, reasonable allowance being made from time
of receipt of order or construction of goods;" all purchases
of each month were to be paid for in cash, or by note at thirty
or sixty days with acceptable indorser, "on the first day of
the second month following;" the plaintiff was to furnish at
least four lines of samples packed in trunks "for use in travel-
ing and displaying said goods" by the defendants; and "all
other expenses pertaining to the sale or delivery of said goods"
were to be borne by the defendants.

Under this contract the defendants, during the six months
therein designated, instead of taking $50,000 worth of goods
as agreed, took only a little over $33,000 worth; and at the
end of the contract period there appears to have been some
dispute between the parties as to the amount of the balance
due to the plaintiff, upon the goods which the defendants
had received under the contract.

Under these circumstances, and as the result of correspond-
ence between them, the parties came together at Bridgeport
on the 19th of January, 1892, in an attempt to adjust and

settle the matters in dispute between them.   At this inter-
view the defendants presented a document, annexed to the
report of the referee, marked Exhibit 36, " as the correct state-
ment of their account with the plaintiff."   The plaintiff's
books of account were then in Danbury, " and they had there
at Bridgeport no means of their own to ascertain whether
defendants' said account was correct or not."   Exhibit 36 is
headed " Final Settlement Jan. 19th, 1892."   It contained,
among other things, the following statement:

" ROGERS SILVER PLATE CO.

| | |
|---|---:|
| Total credits as per bills rend., . . . | $30,027.17 |
| Cherub Wgts., . . . . . | 1,331.25 |
| Syracuse Watch Co.; . . . . | 847.21 |
| Boots, 1 gro. 7¾ doz., } Shoes, 4 " | 74.18 |
| Three trunks, . . . . . | 150.00 |
| | $32,429.81 |

Dr.

| | | |
|---|---:|---:|
| Five trunks and repairs, . . $ | 318.00 | |
| Mdse. ret'd, . . . | 413.40 | |
| Broken, etc., . . . . | 15.87 | |
| Correct's on a/c, etc., . . | 124.05 | |
| Bill rend. twice, . . . | 16.10 | |
| Dis. on a/c, . . . | 560.00 | |
| Cash, . . . . . | 28,000.00 | |
| | | $29,447.42 |
| | | $2,982.39 |
| Less correct's in prices, . . . . | 579.64 | |
| | | $2,402.75 " |

It also contained itemized statements of the above " Dr."
charges of " Mdse. ret'd," " Broken, etc.," " Correct's on a/c,
etc.," and " Correct's in prices."

As the result of that interview, " the plaintiff executed
and delivered to the defendants a document of which the
following is a copy, to wit:

"BRIDGEPORT, CONN., Jan. 19th, 1892.

"In consideration of the payment of Jennings Bros., of the sum of $2,402.75 in cash, and the agreement by them to settle when adjusted, any errors that may exist in amount credited for merchandise shipped, and any difference in correction in prices claimed by them, amounting to $579.64, upon goods furnished under contract dated June 18th, 1891, we agree to release the said Jenning Bros., from all liability resulting from or obligation incurred by said contract, and we agree to deliver this day to said Jennings Bros. F. O. B. cars, at Danbury City, 887½ doz. cherub paper weights, made as heretofore agreed upon, also (1) one gross, 7¾ dozen boots, and (4) four gross shoes, made as heretofore agreed upon, and we hereby acknowledge receipt of all claims and demands, to date, not above excepted. Rogers Silver Plate Co. N. B. Rogers, President."

The report of the referee then proceeds as follows:—

"The defendants paid the plaintiff the sum specified in the said document, and the plaintiff delivered to the defendants the articles therein described, and the parties separated. Soon after the return of the plaintiff to Danbury, on an examination of its books of account, it found that there were errors in the amount credited the plaintiff by the defendants in the said document 'Exhibit 36,' which amount credited the plaintiff is referred to in the said document of release, as follows, to wit: 'And the agreement by them to settle, when adjusted, any errors that may exist in amount credited for merchandise shipped.' The errors in this regard amounted to the sum of five hundred and thirty-two dollars and sixteen cents ($532.16). They also found there were errors in the sum of five hundred seventy-nine dollars, sixty-four cents ($579.64), which the defendants debited the plaintiff in the said document, 'Exhibit 36,' and called in the same "corrections in prices," which amount is referred to in the said document of release, as follows, to wit: 'And any difference in correction in prices, claimed by them, (the defendants) amounting to $579.64, upon goods furnished under contract dated June 18th, 1891.'

The errors, in the said sum of $579.64, amounted to the sum of three hundred and sixty-one dollars and eleven cents ($361.11).

"Soon after the discovery of these errors, the plaintiff sent the defendants a true statement of its account, correcting therein the errors described, and called upon the defendants to agree with it in adjusting the said errors. The defendants refused, and continued to refuse up to the bringing of this suit, to make any adjustment with the plaintiff of these errors described, or to make any settlement with the plaintiff differing in any respect whatsoever from the one of January 19th, 1892, as shown by 'Exhibit 36,' although a reasonable time for so doing had long elapsed when this suit was brought."

The errors thus discovered by the plaintiff in the account, after the Bridgeport interview ($532.16 and $361.11), amounted to $893.37. The referee finds that this last amount, aside from any question as to the effect of the writing of January 19th, 1892, represents the balance of account in favor of the plaintiff on the 1st of January, 1892; that this balance "became due and interest bearing" on the 1st of February, 1892; and that the defendants were owing the plaintiff, "under said contract, on the 1st of January, A. D. 1895, principal and interest, the sum of one thousand and forty-nine dollars, fifty-nine cents ($1,049.59)." He further finds that for goods bought by the defendants from the plaintiff after January 19th, 1892, the defendants owed plaintiff, principal and interest, on January 1st, 1895, the sum of $108.07, "thus making the entire indebtedness of the defendants to the plaintiff, on the 1st day of January, A. D. 1895, the sum of one thousand, one hundred and fifty-eight dollars, thirty-six cents ($1,158.36)."

The report then proceeds: "The undersigned therefore finds the issue in this part of the case in favor of the plaintiff, so far as the questions of fact are concerned, and if the Superior Court shall be of the opinion on these facts, that the law is so that the plaintiffs can recover the amount due under the contract of June 18th, 1891, notwithstanding the

Rogers Silver Plate Co. *v.* Jennings et al.

said document of January 19th, 1892, given by the plaintiff
to the defendants, then the undersigned finds that the plain-
tiff recover of the defendants the sum of one thousand, one
hundred fifty-eight dollars, thirty-six cents ($1,158.36), with
the interest thereon after the 1st day of January, 1895; but
if the court shall be of the contrary opinion, then the under-
signed finds that the plaintiff recover of the defendants the
sum of hundred eight dollars, seventy-seven cents ($108.77),
with the interest thereon from the 1st day of January, A. D.
1895."

Upon the matter of the damages recoverable under the
special count, the referee found in substance as follows: The
defendants took under the contract goods only to the amount
of $33,334.08, thus leaving a balance of $16,665.92 which
they failed to take. When the contract period terminated
the plaintiff had on hand $10,000 worth of these goods ready
to be delivered to the defendants had they called for them;
and it " could and would have had the entire amount manu-
factured, called for by the said contract, if the defendants
had given it orders to that extent. The plaintiff's usual
profit in the sale of goods manufactured by it, of the kinds
of those sold to the defendants, had been twenty per centum
on the amount of the sales, and it is highly probable, if the
defendants had fulfilled their contract and purchased the
last named amount of the plaintiff, the plaintiff's profit on
the same would have been twenty per centum, making its
profit equal to the sum of three thousand, three hundred
thirty-three dollars and eighteen cents ($3,333.18) on the
sale; and the undersigned so finds."

The $10,000 worth of goods on hand December 31st, 1891,
as aforesaid, were afterwards " sold and disposed of by the
plaintiff, at the best price it could obtain, which was less
than the cost of manufacturing the same."

Upon these facts with reference to damages under the
special count, the referee found conditionally in substance
as follows: If the court should be of opinion, upon the
facts found, that the plaintiff could not recover any dam-
ages under the special count, then the referee found " the

issue in this part of the case in favor of the defendants;"
if it should be of opinion that plaintiff could recover only
nominal damages under this count, $10 is found to be nom-
inal damages; and if it should be of opinion that plaintiff
could recover "real damages" under this count, then it was
found that the plaintiff was entitled to recover either twenty
per cent of $10,000 or of $16,665.92, as the court might
determine.

The foregoing statement from the report of the referee
presents the principal material facts in the case; and the
controlling question relates to the operation and effect of the
writing of January 19th, 1892.

After the report had been accepted, the parties were heard
by the court "as to what judgment should be rendered"
thereon; and at this hearing the defendants made certain
claims which the court overruled. Among the claims thus
overruled were two, the substance of which may be stated
as follows: first, the writing of January 19th, 1892, on the
facts found, "operated as and was a release of all the claims
arising under the contract of June 18th, 1891," except as to
two items, namely, "errors in account credited for merchan-
dise shipped" and "differences in correction of prices;" and
as to these, the only remedy open to the plaintiff after Jan-
uary 19th, 1892, "was the institution of a suit for the
adjustment of these items;" second, that upon the facts
found, damages for the breach of the contract of June 18th,
1891, arising from the failure of the defendants to take the
full $50,000 worth of goods, could not be recovered in this
action.

The court found that the plaintiff was entitled to recover,
under the common counts, the sum of $1,189.42, and under
the special count the sum of $4,221.48, and rendered judg-
ment for the plaintiff for the sum of $5,210.90 and its costs.

In holding that the plaintiff was entitled to recover any
damages under the special count, the court clearly erred.
The fair inference from the facts found is that the writing of
January 19th, 1892, was a valid binding agreement; and if
so the plaintiff was not entitled to recover such damages.

Rogers Silver Plate Co. v. Jennings et al.

No claim is made that it was executed or obtained by fraud or mistake, or surprise of any kind; and the only claims made respecting its binding force are, in substance, that it was made without consideration or upon one that failed, or was upon condition which has not been performed; and these claims are not true.

The consideration stated in the writing itself is the payment of the $2,402.75 in cash, and the agreement " to settle when adjusted any errors that may exist" in respect to two of the items of the account. The fair inference from the writing itself and the facts found, is that this money was not due and payable on the 19th of January, 1892, but at some future day; and that its payment in cash then and there was the real consideration for the writing. The agreement to settle for the errors, if any, in two of the items in the account, was not, as the plaintiff seems to suppose, an agreement to settle for those errors as the plaintiff might subsequently claim them to be; but it was, if taken literally, an agreement to settle for them as they might be subsequently found to exist to the satisfaction of both parties, or at least by some competent judicial tribunal; in other words, it was in effect an agreement that the plaintiff should not be bound as to these two items, by the statement of them made by the defendants in " Exhibit 36." As the cash was paid as agreed, and the agreement asked for was made, the writing in question was made upon a legal consideration which has not failed in any respect, and of which the plaintiff has had the full benefit. The claim that the writing was given upon condition that the defendants should settle for the errors in the two items aforesaid as the plaintiff might subsequently claim them to exist, is equally without foundation.

The writing in question, then, is a valid agreement, and by its express terms it releases the defendants " from all liability resulting from, or obligation incurred by," the contract of June 18th, 1891, so far as special damages under the special count are concerned; and acknowledges "receipt of all claims and demands, to date," save those expressly excepted in and by the writing itself. It was thus a complete answer

Rogers Silver Plate Co. *v*. Jennings et al.

to any claim for special damages under the special count, and the court below erred in holding otherwise. In sustaining the demurrer to the remonstrance and in accepting the report, the court below committed no error; and in view of the result reached by this court it is not deemed necessary to consider the other assignments of error.

While it thus appears that the plaintiff is not entitled to the sum found to be due to it by the court under the special count, it also appears that the plaintiff is entitled, upon the facts stated in the report, to the other sum which the court below found to be due to it under what is termed in the judgment the first count in the complaint, and that finding is not affected by the error in the other finding of the court. If the judgment below could be regarded as divisible or severable in this respect, it might be reversed in part only; but the judgment is for one entire sum, to wit: $5,210.90, and it must be reversed *in toto*, that the amount for which judgment can be rendered upon the report may be legally assessed. The reversal will not open the cause below beyond the exigencies of the case, and will be retrospective so far, and so far only, as the proceedings upon the record appear to have been impugned by the judgment of reversal.

There is error, the judgment of the Superior Court is set aside, and the cause is remanded to that court to be proceeded with in accordance with the views herein expressed.

In this opinion FENN, BALDWIN and HAMERSLEY, Js., concurred; ANDREWS, C. J., dissented as respects the effect given to the release, under the finding of the State Referee.